UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-06873-KK-DTBx** | Date: | November 23, 2026 |
| Title: | ***George A. Saba v. Gulabrai B. Ukani*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. The Court has an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction has the burden of establishing jurisdiction. Kokkonen, 511 U.S. at 377.

Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, a case "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 "when federal law creates the cause of action asserted." Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022). Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. Complete diversity requires each plaintiff to be of a different citizenship than each defendant. Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where they are domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

The Court has reviewed the Complaint and cannot conclude it has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the Complaint asserts only state law claims. See ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). Moreover, there is no basis for

diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff concedes both parties are citizens of California. See id. ¶¶ 1-2. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **no later than seven days from the date of this Order**, why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff is explicitly warned that failure to file a timely response may result in additional sanctions including dismissal for failure to prosecute and/or comply with the Court's orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**